# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Robert Todd Simmons, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| RPC Inc.; Cudd Energy Services, Inc.; ) | |
| Cudd Well Control, Inc.; EPI Consultants; ) | |
| Murex Petroleum Corporation; and Spec- ) | |
| Tech Threading, Inc., ) | Case No. 4:14-cv-082 |
| ) | |
| Defendants. ) | |

Plaintiff initiated the above-captioned personal injury action in state district court. Defendants filed a Notice of Removal with this court on July 27, 2014. Three days later, on July 30, 2013, defendants RPC Inc., Cudd Energy Services, Inc., Cudd Well Control, Inc., and EP Consultants filed a "Motion for Leave of Court to Serve a Supoena Duces Tecum on [Plaintiff's] Former Employer, WISCO, Inc." They acknowledge that the parties have yet to confer regarding discovery. They nevertheless seek leave of court to subpoena documents and materials from WISCO, Inc., a non-party, averring that early access to these documents and materials is crucial and will help all of the parties gain a better understanding of the matter in dispute.

Fed. R. Civ. P. 26(d)(1) provides in relevant part that, absent a stipulation or court order, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." To expedite consideration of defendants' subpoena request, the court is inclined to dispense with the fourteen days afforded by D.N.D. Civ. L.R. 7.1(B) to file a response and direct plaintiff to respond within the week. Such an abbreviated deadline poses no appreciable prejudice to plaintiff as the subpoena request is relatively straight forward and should not require a lengthy

1

response. Accordingly, the court **ORDER**S that plaintiff file a response to the motion by August 8, 2013.

**IT IS SO ORDERED.**

Dated this 4th day of August, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court