**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Robert Todd Simmons, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION** |
| | ) | **FOR EARLY DISCOVERY** |
| vs. | ) | |
| | ) | |
| RPC, Inc.; Cudd Energy Services, Inc.; | ) | |
| Cudd Well Control, Inc.; EPI Consultants; | ) | |
| Murex Petroleum Corporation; and | ) | |
| Spec-Tech Threading, Inc.; | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | Case No. 4:14-cv-082 |
| | ) | |
| Murex Petroleum, Inc., | ) | |
| | ) | |
| Defendant and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WISCO, Inc., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

Before the court is "Defendants RPC Inc., Cudd Energy Services, Inc., Cudd Well Control, Inc., and EPI Consultants' Motion and Brief Requesting Leave of Court to Serve a Subpoena Duces Tecum on Robert Todd Simmons's Former Employer, WISCO, Inc.," filed July 30, 2014. Plaintiff Robert Todd Simmons filed a response to the motion on August 8, 2014.

Simmons was injured on October 26, 2011, when he was struck in the face by a pipe while working in the oil fields in Western North Dakota. He was employed by WISCO, Inc. ("WISCO") at that time. On May 21, 2014, Simmons filed a complaint in state court in Williams County, North Dakota, asserting claims of negligence and gross negligence, intentional infliction of emotional

distress, and negligent infliction of emotional distress against defendants RPC, Inc. ("RPC"), Cudd Energy Services, Inc. ("Cudd Energy"), Cudd Well Control, Inc. ("Cudd Well Control"), EPI Consultants ("EPI"), Murex Petroleum Corporation ("Murex"), and Spec-Tech Threading, Inc. ("Spec-Tech"). On July 24, 2014, the case was removed to this court. On August 8, 2014, Murex filed a third-party complaint naming WISCO as a third-party defendant.

In the motion now before the court, defendants RPC, Cudd Energy, Cudd Well Control, and EPI ("defendants") request leave to serve a subpoena duces tecum on WISCO. Defendants assert that commencing discovery prior to the Rule 26(f) conference will benefit all parties because WISCO likely possesses numerous documents and materials that are of crucial importance and will help the parties to better understand the suit. In response, plaintiff states that he intends to file a motion to remand and that he objects to defendants' motion only to the extent that permitting defendants to proceed with discovery would impede plaintiff's right to remand.

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."

> Courts apply either a "good cause" standard or a preliminary injunction standard to evaluate [a motion for early discovery under Rule 26(d)(1)]. Monsanto Co. v. Woods, 250 F.R.D. 411, 413 (E.D.Mo. 2008). The Eighth Circuit has not expressly adopted either standard. Cook v. Williams, 2009 WL 3246877, at *1 (E.D.Mo. Oct. 6, 2009). A majority of courts use the good cause standard, including other federal district courts within the Eighth Circuit. See Progressive Casualty Insurance Co. v. Federal Deposit Insurance Corp., 2012 WL 2870148, at *1 (N.D.Iowa July 11, 2012).

Dorrah v. United States, 282 F.R.D. 442, 445 (N.D. Iowa 2012). This court will also apply the good cause standard. To show good cause, "the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to

2

[the] responding party." Dorrah, 282 F.R.D. at 445 (quoting Monsanto Co., 250 F.R.D. at 413).

The court finds there is good cause to allow immediate document discovery. However, given that WISCO is now a party, the more appropriate procedure for obtaining documents is Fed.R.Civ.P. 34 rather than the subpoena contemplated by defendants' motion. The court further finds that under the circumstances, it is appropriate to permit all parties to begin document discovery at this time.

Accordingly, defendants' motion (Docket No. 11) is **GRANTED** to the extent that defendants shall be permitted to request the information identified in their motion in the manner provided above. It is further **ORDERED** that all parties shall be permitted to engage in document discovery in advance of the Rule 26(f) conference and that plaintiff's participation in discovery as permitted by this order shall not be deemed a waiver of plaintiff's right to remand this action.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court